UNITED STATES of America,
Plaintiff-Appellee,

v.

Arthur BROWN and Erma Brown,
Defendants-Appellants.

No. 80–5194.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 3, 1981.

Decided Jan. 8, 1982.

Allen J. Counard, Southfield, Mich., Douglas L. Webster, Bloomfield Hills, Mich., for defendants-appellants.

Deborah J. Gaskin, Sheldon Light, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before LIVELY and MARTIN, Circuit Judges, and ALLEN,* District Judge.

PER CURIAM.

The defendants, husband and wife, appeal from their conviction for income tax evasion in violation of 26 U.S.C. § 7201. The government's case was based on a reconstruction of the defendants' income for the year 1973 by use of a joint net worth statement.

■ On appeal Arthur Brown contends that his constitutional right to confrontation of witnesses against him was violated by the fact that a prosecution witness who was an IRS agent related a number of statements made by Erma Brown during the investigation of the tax liability of the defendants. These statements concerned a

* The Honorable Charles M. Allen, Chief Judge, U.S. District Court for the Western District of Kentucky, sitting by designation.

business which Erma Brown apparently owned. When Erma Brown exercised her constitutional right not to testify in this case Arthur Brown had no opportunity to cross-examine a witness against him. He relied primarily upon *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Upon consideration the court finds that the defendant Arthur Brown was not denied his constitutional right of confrontation. There was evidence that both Arthur Brown and Erma Brown told IRS agents that the business which was the source of the income charged to them was a joint undertaking though it was held in the name of Erma Brown only. Furthermore, the district court found that the Browns were engaged in a conspiracy to evade income taxes and Erma Brown's evidence was admissible under the co-conspirator exception to the hearsay rule. See *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

■ Both defendants contend that the net worth statement relied upon by the government was flawed in that it did not establish with sufficient precision the opening net worth of either defendant. The opening net worth for Arthur Brown was based on his statement to an IRS agent and that of Erma Brown on an analysis of her previous income. We believe that the evidence reflected the opening net worth of the defendants with reasonable certainty. *United States v. Giacalone*, 574 F.2d 328, 331–32 (6th Cir.), *cert. denied*, 439 U.S. 834, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978). We also conclude that use of a joint net worth statement was justified in this case. The evidence was that while Erma Brown was the nominal owner of the business, the financial affairs of the two defendants were so intertwined as to justify a joint reconstruction of their income. *United States v. Giacalone, supra*, 574 F.2d at 333; *United States v. Costello*, 221 F.2d 668, 674 (2d Cir. 1955), *aff'd.*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

■ Both defendants assert that they were denied due process by the government's unreasonable delay in indicting them. Though the investigation of the defendants by IRS agents began as early as February 1974, and interviews were conducted by IRS agents with the Browns and their accountant through September 1976, the indictment was not returned until October 23, 1979. The decision to seek an indictment had been made in October 1976. The defendants contend that they were prejudiced by the delay because important evidence had been destroyed and their accountant was unable to reconstruct events, partly because of the lapse of time and partly because of an illness for which he was hospitalized at the time of the trial. Dismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971); *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). We do not believe that the defendants in this case established the two requirements for dismissal on the basis of pre-indictment delay.

■ The defendants also contend that there were misrepresentations made by IRS agents and that statements were made and information was divulged by the defendants on the understanding that the agents were conducting only a civil tax audit. The defendants contend that they had been under surveillance by special agents of the IRS prior to the first contact and that the entire investigation should be treated as a criminal investigation. The record does not support the defendants in this argument. While there was some surveillance of the defendants, no decision to seek a criminal prosecution was made until after the initial contacts and further investigation based on those contacts. See *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

We have considered the other claims of error and find them to be without merit.

The judgment of the district court is affirmed.