UNITED STATES of America, Plaintiff-Appellee,

v.

Gerald Dean GREENE, Defendant-Appellant.

No. 83–5860.

United States Court of Appeals, Sixth Circuit.

Argued May 7, 1984.

Decided June 26, 1984.

George C. Howell, argued, Adkins, Hall, Howell & Duggan, Ashland, Ky., for defendant-appellant.

Louis De Falaise, U.S. Atty., Robert E. Rawlins, Asst. U.S. Atty., argued, Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Defendant appeals his conviction for violation of 18 U.S.C. §§ 371, 2312, and 2313. We affirm.

**I**

On March 31, 1982 Gerald Dean Greene initially was charged in a three count indictment. Count one alleged that between March 16 and 19, 1981 Greene conspired to transport interstate and to receive and conceal a 1981 Chevrolet pickup truck. The second count charged Greene with interstate transportation of the vehicle knowing it to have been stolen, and count three charged Greene with receiving and concealing the same vehicle.

Initial arraignment of Greene was not until May 10, 1983. The trial judge originally scheduled trial for June 29, 1983. On June 1, 1983 Greene filed a motion to dismiss the indictment and supporting memorandum, alleging he was denied due process and a speedy trial as a result of the delay between the time of the alleged crime and the time of initial arraignment.[1]

After granting the Government a continuance, the initial trial of defendant began on August 22, 1983. A hung jury resulted and a mistrial was declared. The case immediately was reassigned for a second trial on October 24, 1983 in Lexington, Kentucky. This time the jury returned a verdict of guilty on all three counts. The trial court denied a motion for a new trial and defendant appeals.

On appeal Greene contends he was denied due process and his right to a speedy trial as a result of the Government's unreasonable delay. He also contends several errors occurred during trial which effectively denied him a fair trial.

On March 18, 1981 Kentucky State Police received information that a stolen motor vehicle was to be delivered to a specific address on Brenda Sue Drive in Flatwoods, Greenup County, Kentucky. A few minutes after undertaking a surveillance of the area, two detectives intercepted the delivery of a new 1981 Chevrolet pickup truck driven by Gregory Lewis. The truck had been stolen from a Chevrolet dealer in Ironton, Ohio. Accompanying the pickup truck was an "escort car", a black Cordoba-Charger, driven by Roy Mullins.

Evidence at trial linked the defendant with the black Cordoba-Charger. Further testimony set forth in detail the scheme by which Greene participated in the plan to steal the truck. Greene agreed to pay Lewis to transport the truck across the state line and deliver it to the Brenda Sue Drive address in Flatwoods, Kentucky.

---

**1.** On June 15, 1983 the Grand Jury issued a superseding indictment. The district court by order of June 16, 1983 construed pending motions to dismiss the indictment as being directed to dismissal of the superseding indictment. The superseding indictment made the same charges as the original indictment.

## II .

The issue of primary concern to this Court is Greene's contention that he was denied due process of law and a speedy trial as a result of the Government's delay. The two periods—preindictment and post-indictment delay—are subject to different considerations, therefore we address each in turn.

The alleged acts charged in the initial indictment occurred between March 16–19, 1981. The initial indictment was not returned until March 31, 1982, slightly more than a year after the alleged wrongful acts. Greene contends that as a result of this delay he was prejudiced in his ability to present his defense. In his brief to this Court, Greene asserts prejudice in only the broadest terms: "Memories are not as accurate over the years and evidence which could prove his innocence may no longer be available or in existence."

In the district court, however, Greene set forth five specific allegations of prejudice caused by the delay: lack of recall as to the last name of an alibi witness; inability of a witness to remember defendant's presence in a restaurant on the date in question; inability of the defendant to produce a sales slip for the truck alleged to have been stolen; lack of information about the jersey, gloves, shotgun, and medical container found in the vehicle seized; and lack of memory as to the contents of conversations with "the other men named in the indictment" and the dates and times of their occurrence.[2]

■ The Speedy Trial Clause of the Sixth Amendment is inapplicable to an analysis of whether this indictment should have been dismissed because of a delay between the commission of an offense and the initiation of prosecution. *United States v. Lovasco*, 431 U.S. 783, 788, 97 S.Ct. 2044, 2047, 52 L.Ed.2d 752 (1977) *reh'g denied* 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977); *United States v. Mari-* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30

L.Ed.2d 468 (1971). *See also United States v. McDonald*, 456 U.S. 1, 7, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982). However, due process does have a limited role in protecting defendant's rights against oppressive delay. *Lovasco*, 431 U.S. at 789, 97 S.Ct. at 2048. A court must consider both the prejudice and the reasons for the delay. *Id.* at 790, 97 S.Ct. at 2048. However, courts are "to determine only whether the action complained of ... violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions', and which define 'the community's sense of fair play and decency'." *Lovasco*, 431 U.S. at 790, 97 S.Ct. at 2049 (citations omitted).

This Court previously has stated that "[d]ismissal for preindictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Brown*, 667 F.2d 566 (6th Cir.1982) (per curiam), *citing United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). To have this indictment dismissed Greene must meet both parts of the test. We consider the latter part of the test first.

■ The defendant has made no showing that the delay between the alleged incident and the indictment was an intentional device on the part of the Government to gain a decided tactical advantage in its prosecution. The lapse of twelve and one-half months between the alleged incidents and the actual indictment was the result of investigative delay and the Government's efforts to make out its best case against Greene.

Greene, in arguing for dismissal before the district court, stated that as early as March 23, 1981 the Government had incriminating evidence against him and therefore

ene did not distinguish between preindict-
nd postindictment delay in asserting the

alleged prejudice.

he should have been indicted at that time. This is precisely the type of argument rejected by the Supreme Court in *Lovasco, supra.* Justice Marshall, writing for the Court, noted several problems with making it a constitutional requirement for a prosecutor to file public charges once the Government has assembled sufficient evidence to prove guilt beyond a reasonable doubt. Such a requirement "would cause numerous problems in those cases in which the criminal transaction involves more than one person or more than one illegal act." 431 U.S. at 793, 97 S.Ct. at 2050. "[I]nsisting on immediate prosecution once sufficient evidence is developed to obtain a conviction, would pressure prosecutors into resolving doubtful cases in favor of early— and possibly unwarranted—prosecutions." *Id.* "[I]f courts were required to decide in every case when the prosecution should have commenced, it would be necessary for them to trace the day-by-day progress of each investigation. Maintaining daily records would impose an administrative burden on prosecutors, and reviewing them would place an even greater burden on the courts." *Id.* at 793–94, n. 14, 97 S.Ct. at 2050–51, n. 14.

It is clear that Greene has no constitutional due process right to have an indictment returned immediately upon the Government having obtained sufficient evidence of guilt. Therefore, we hold that absent a showing that the preindictment delay by the Government was undertaken "to gain a tactical advantage over the accused," *United States v. Marion*, 404 U.S. at 324, 92 S.Ct. at 465, Greene's contention that the indictment against him should have been dismissed because of preindictment delay must fail.

Having concluded that Greene has made no demonstration that the delay between the alleged acts and the indictment was intentional on the part of the Government to gain a decided tactical advantage, we need not pass upon whether Greene has

met the second requirement, that of showing substantial prejudice to his right to a fair trial.

## III

The second period of delay to which we direct our inquiry is the period following indictment. As noted defendant was initially indicted on March 31, 1982. However, he was not arraigned until May 10, 1983, at which time he entered a plea of not guilty. Greene contends that his Sixth Amendment right to a speedy trial and his right to be informed of the charges against him were infringed as a result of the passage of over a year between indictment and his initial appearance.[3]

The Sixth Amendment to the United States Constitution, and the Federal Speedy Trial Act, 18 U.S.C. § 3161, are applicable to post-indictment delay.

The Supreme Court has articulated four factors that are to be weighed in determining whether an accused has been deprived of his Sixth Amendment right to a speedy trial. They are the length of the delay, the reason for the delay, whether the defendant has asserted his right, and the prejudice to the defendant from the delay. *United States v. McDonald*, 435 U.S. 850, 858, 98 S.Ct. 1547, 1551, 56 L.Ed.2d 18 (1978); *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). Prejudice to the defendant must be considered in light of the interests the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U.S. at 532, 92 S.Ct. at 2192, *cited with approval United States v. McDonald, supra*, 435 U.S. at 858, 98 S.Ct. at 1551. *See also Cain v. Smith*, 686 F.2d 374 (6th Cir.1982). "However, the Sixth Amendment right to a

---

3. Greene makes no contention to this Court that the lapse of time from May 10, 1983 until August 22, 1983 when the initial trial began, or the time period from August 25, 1983 when a mis-

trial was declared, until October 24, 1983 when the second trial began, infringed upon his constitutional or statutory rights.

speedy trial is not primarily intended to prevent prejudice to the defense caused by the passage of time ... [t]he speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. McDonald,* 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982).

■ While the delay of over a year between indictment and initial arraignment may indeed have had some possible effect on defendant's ability to present a defense, it was the action of defendant in leaving the jurisdiction that precipitated the delay which occurred. The Government submitted affidavits to the district court demonstrating that efforts had been made to apprehend Greene, but that he could not be located. The other interests protected by the Sixth Amendment as set forth in the foregoing authorities were essentially inapplicable to Greene. During the year between indictment and when he turned himself in to Arizona authorities, Greene was not incarcerated, under arrest, or subject to release on bond.

Furthermore, the Federal Speedy Trial Act specifically excludes any period of delay resulting from the absence of the defendant when his whereabouts are unknown and cannot be determined by due diligence. 18 U.S.C. § 3161(h)(3)(A), (B).[4]

We conclude that the district court did not err in denying defendant's motion to dismiss the indictment because of Government delay.

**4.** 18 U.S.C. § 3161(h)(3)(A), (B) provides:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

\* \* \* \* \* \*

(3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

(B) For purposes of subparagraph (A) of this paragraph, a defendant or an essential

**IV**

We also have examined carefully defendant's other contentions with respect to the conduct of the trial and find them to be without merit. Accordingly, the judgment of the district court is affirmed.

witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.