762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
LINDA LEE BROCK, DEFENDANT-APPELLANT.
 NO. 84-5809
 United States Court of Appeals, Sixth Circuit.
 4/23/85
 
 ON APPEAL FROM THE UNITED STATED DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 BEFORE: ENGEL and JONES, Circuit Judges, and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Linda Lee Brock, appeals from a jury conviction for violation of 18 U.S.C. Sec. 842(i) (1982), prohibiting a convicted felon from intentional possession of explosives transported in interestate commerce. She urges that her conviction be reversed and remanded for three reasons. First, she alleges that the district court abused its discretion in admitting evidence of other crimes under Federal Rule of Evidence 404(b) to prove motive and identity. Second, she alleges that she was denied her Fifth Amendment right to a fair trial by the Government's failure to comply with her pretrial request for exclupatory material. Third, she alleges that she was denied her Fifth Amendment due process rights by a lengthy pre-indictment delay. Upon consideration of the issues presented in this appeal, we affirm.
 
 
 2
 Brock, a convicted felon, was charged with possession of explosives transported in interstate commerce. A witness testified that upon Brock's request, he obtained dynamite for her from a friend, who had taken the dynamite from his employer, the Van Buren County Highway Department. The Van Buren County Highway Department purchased all its dynamite from one distributor. Its records show a delivery of 60 WR, 1 1/4-inch X 8-inch-dynamite sticks marked with a date shift code of '24 Aug. 78 W2'.
 
 
 3
 The prosecution alleged that Brock's purpose in obtaining the dynamite was to harm Helen Knowles. Several witnesses testified that they saw Brock and two men lean under the hood of Knowles's truck while it was parked in her employer's lot. When Knowles attempted to start her truck, it misfired. Her son and a friend, who was a mechanic, checked under the hood. They discovered a stick of unexploded dynamite, a cap, and wiring. They took the dynamite to the Sheriff's Office, where it was marked as evidence. The dynamite was Trojan 60 WR 1 1/4 inch X 8 inch bearing the date-shift code '24 Aug. 72W.'
 
 
 4
 Although most of the witnesses were interviewed in 1982, Brock was not indicted until 1984. The defense alleged that the lengthy pre- ndictment delay prejudiced Brock's case.
 
 
 5
 During the trial, a federal agent testified that fingerprints had been lifted from Knowles's truck. Laboratory results indicated that none of the four prints belonged to Brock. Despite a pre-trial request for exculpatory evidence, the defense received this information for the first time during the trial.
 
 
 6
 Brock's first claim is that the district court abused its discretion in allowing the admission of evidence of other crimes. In reviewing the admission of other crimes evidence, we must determine whether there was a proper basis for admission, and if so, whether the probative value of the evidence outweighed its potential for prejudice. See United States v. Holloway, 740 F.2d 1373, 1377 (6th Cir. 1984), cert. denied, 105 S. Ct. 440 (1985). Here, the district court allowed introduction of the evidence to show motive and identity. The evidence in question consisted of the testimony of two witnesses who stated that they saw Brock and two men lean under the hood of Helen Knowles's truck shortly before Knowles found the stick of dynamite attached to the engine. Without this testimony, the prosecution's sole proof of Brock's possession of the explosive was the testimony of one other witness. Although the witness testified that he obtained the dynamite for Brock, he could not identify the dynamite because he received it in a closed bag. Therefore, the challenged testimony provided a motive for Brock's possession of the dynamite and identified Brock's dynamite as that purchased by the Highway Department through interestate commerce. Any unfair prejudice did not substantially outweigh the high probative value of this evidence. We do not believe, therefore, that the district judge abused his discretion in allowing the testimony.
 
 
 7
 Brock's second claim is that despite her pre-trial request for exculpatory material, testimony at trial disclosed that four sets of finger prints had been lifted from Knowles's truck and that none belonged to her. We have held that when exculpatory evidence is disclosed during the trial, defendant must show prejudice by the delay to prove a Fifth Amendment violation. Holloway, 740 F.2d at 1381. The fingerprint evidence was disclosed at trial before jury deliberations. The defense did not object to the evidence or request a recess. There has been no showing that the timing of the disclosure prejudiced Brock's case.
 
 
 8
 The final issue is Brock's claim that the lengthy pre-indictment delay violated her Fifth Amendment due process rights. To prove a due process violation, Brock must show that the pre-indictment delay was an 'intentional device by the government to gain a tactical advantage' and caused 'substantial prejudice' to her case. United States v. Greene, 737 F.2d 572, 574 (6th Cir. 1984). The delay was lengthy; Brock, however, presented no evidence to show that the government intentionally used the delay to gain an advantage. Although Brock claims that the delay prejudiced her case because a witness could not be located, she did not show that the witness could have been located earlier or that his testimony would be of substantial benefit to her.
 
 
 9
 We, therefore, AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable John D. Holschuh, District Judge, United States District Court for the Southern District of Ohio, sitting by designation