782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellant,
v.
HOLLINGSWORTH OIL COMPANY, INC., GLENN HOLLINGSWORTH, and
RONNIE HOLLINGSWORTH, JR.,
 85-5218
 United States Court of Appeals, Sixth Circuit.
 12/30/85
 
 BEFORE: JONES and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 This is an appeal from a district court order dismissing the defendants' indictments alleging violations of 18 U.S.C. Secs. 1001 and 371. The district court found that dismissal was warranted because of a lengthy delay in bringing the indictments and the prejudice resulting from that delay. On review, we reverse the order.
 
 
 2
 Defendant, Hollingsworth Oil Company ('HOC') was a participant in a set-aside program designed by the United States Department of Energy ('DOE') to provide motor gasoline to persons qualifying for hardship assistance. The Tennessee Energy Authority ('TEA') was the agency designated to administer the program in the state of Tennessee.
 
 
 3
 The government commenced an investigation against the defendants when on September 7, 1979, the defendant Glenn Hollingsworth allegedly told investigators for the General Accounting Office that he had made false applications for set-aside fuel. On February 21, 1981, the DOE served civil subpoenas on the defendants for documents pertaining to the TEA set-aside program. After the defendants failed to comply with the subpoenas, the government, on November 3, 1981, brought an action to enforce the subpoenas. The district court judge heard argument on the enforcement action on January 21, 1982. An order was not issued until September 28, 1983, granting enforcement of the subpoenas.
 
 
 4
 The DOE gained access to the defendants books and records in December, 1983. In June 1984, the case was referred to the United States Attorney for prosecution. The case was finally submitted to the grand jury in August 1984 and an indictment subsequently returned on September 20, 1984.
 
 
 5
 The defendants were indicted for violating 18 U.S.C. Sec. 1001 which prohibits knowingly or willfully making false statements to a government agency, and 18 U.S.C. Sec. 371 which prohibits conspiracies to commit any offense against the United States. In the indictment, the Government charged that the defendants fraudulently applied to the TEA for more than one million gallons of set-aside gasoline for themselves and their customers, which resulted in the eventual wrongful receipt of 891,000 gallons of the gasoline by the defendants.
 
 
 6
 Sometime in 1981, the DOE sent a memorandum, dated January 28, 1981, to its agencies authorizing the destruction of all set-aside files and records. TEA did not destroy its primary files until the agency moved its offices in the spring of 1984. Following the return of the indictment, the defendants served subpoenas duces tecum upon the government demanding, inter alia, production of the original set-aside applications. All of the defendants' applications for the set-aside gasoline had been destroyed by the government. The government did copy portions of some of these applications before they were destroyed, but they were found to be smeared and illegible.
 
 
 7
 The defendants filed a motion to dismiss the indictment based on five grounds. Four of the grounds were dismissed by the district court. The only one addressed by the district court, and before this court, is the defendants' motion to dismiss the indictment for the 'government's unreasonable preindictment delay [that] materially prejudiced' them in their right to a new trial. The district court dismissed the indictment for this reason.
 
 
 8
 The issue before this court is not a novel one. It is a well established rule of law that an indictment should be dismissed for preindictment delay only if the delay caused substantial prejudice to the defendants' rights to a fair trial and the delay was an intentional device by the government to gain a tactical advantage over the defendants. United States v. Gouveia, 104 S. Ct. 2292, 2300 (1984); United States v. Marion, 404 U.S. 307, 324 (1971); See United States v. Lovasco, 431 U.S. 783, 789-90, 795 n.17 (1977). The only disagreement among the circuits on the interpretation of this two element test is whether to construe the word 'and' conjunctively or disjunctively. See United States v. Mays, 549 F.2d 670, 675 n.6 (9th Cir. 1977).
 
 
 9
 The Sixth Circuit's interpretation of Marion and its progeny is clear. A defendant must show that both parts of the test are met before he is entitled to have the indictment dismissed. United States v. Duncan, 763 F.2d 220, 222 (6th Cir. 1985). In fact, the law in this circuit dictates that if a defendant has not shown that the delay was intentionally caused by the government to gain a tactical advantage, an inquiry into whether the defendant has been substantially prejudiced by the delay is unnecessary. Id. at 223; United States v. Greene, 737 F.2d 572, 574-75 (6th Cir. 1984).
 
 
 10
 The district court found that the delay was not intentional on the part of the government and that sufficient explanation existed for the delay. It also found that the defendants demonstrated actual prejudice through the delay due to the destruction of the TEA documents. Under the existing law in this circuit, the defendants did not make the necessary showing entitling them to dismissal of the complaint. The district court, however, took its analysis one step further. It found that the Government negligently permitted the destruction of the documents and such negligence warranted dismissal of the indictment. This ruling was based on an interpretation of the law by the Ninth Circuit. See United States v. Mays, 549 F.2d at 678. In Mays, the court held that a defendant's showing that the Government negligently caused the delay and that the defendant suffered actual prejudice from the delay required dismissal of the indictment. Even if, however, we were to accept the holding of Mays as law in this circuit, the district court misapplied Mays in this case. The purported negligence of the Government in this case was in destroying the TEA documents. Destruction of the TEA documents did not contribute to the delay, it contributed, if anything, to the degree of prejudice suffered by the defendants. Thus, the district court's reasoning even under the law in the Ninth Circuit is incorrect.
 
 
 11
 Reversal of the district court's error, however, need not be predicated on the basis of its misapplication of Mays. This circuit has already set the standard for dismissing an indictment for preindictment delay. See Duncan, 763 F.2d at 222-23; Greene, 737 F.2d at 574-75. The district court was in error when it failed to apply that standard.
 
 
 12
 We also find it necessary to address a second issue raised by this appeal. The defendants interpret the district court's decision as resting not on the Marion doctrine but on the 'preservation of the evidence doctrine' as embodied in California v. Trombetta, 104 S.Ct. 2528, 2534 (1984). Simply stated, that doctrine imposes a duty on the prosecution to preserve potentially exculpating evidence. The defendants, however, mischaracterize the basis of the district court's opinion. We do not read the district court's discussion of this doctrine as being an independent basis for dismissal of the indictment. Rather, the district court discussed the doctrine in conjunction with the Marion test as a means of demonstrating the potential prejudice suffered by a defendant when evidence is destroyed.
 
 
 13
 Even if we were to find the district court's discussion of this doctrine to be an independent basis for its order, we must still reverse the order. Assuming the destruction of the TEA documents does fall within the doctrine as defined by Trombetta, dismissal of the indictment during the pre-trial stage of the proceedings is not the required remedy. Nothing in the Trombetta opinion supports such a result.
 
 
 14
 Accordingly, the district court's order dismissing the indictments of the defendants is REVERSED.