810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone BATES, Defendant-Appellant.
 No. 86-1374.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1986.
 
 Before LIVELY, Chief Judge and MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant was indicted for possession of stolen mail and uttering and publishing a United States Treasury check and made a motion to dismiss on the ground that he was prejudiced by the Justice Department's delay in obtaining the indictment. When the district court denied his motion to dismiss, the defendant entered a guilty plea pursuant to Rule 11(a)(2), Fed.R.Crim.P., reserving the right to appeal the issue raised by the pretrial motion. That appeal is now before this panel.
 
 
 2
 The defendant was arrested in September 1983 pursuant to a complaint charging him with possession of stolen mail. After receiving Miranda warnings, the defendant made a statement in which he admitted stealing and cashing a United States Treasury check. In October 1983 the government moved to dismiss the complaint without prejudice and the district court granted the motion. Nearly two years later, in September 1985, the grand jury returned the present indictment. In moving for dismissal of the indictment the defendant argued that he was prejudiced by the delay between the time of his arrest and confession and the time of the indictment. The claimed prejudice consisted primarily of disruption of his life and of the anxiety brought about by uncertainty concering the disposition of the criminal charges. He argued that, having confessed to the charges, he was entitled to a speedy trial on a relatively minor offense so that he could "pay his dues" and then resume his life. The district court concluded that there was no constitutional violation, that the indictment was returned within the period of limitations prescribed by statute and that there was not such unnecessary delay in presenting the charge against the defendant to a grand jury as to require dismissal under Rule 48(b). The district court also found that the defendant's proof of prejudice was speculative and that the delay was not part of a tactical move by the government to obtain unfair advantage.
 
 
 3
 On appeal the defendant argues that he was entitled to dismissal under Rule 48(b) and under the Fifth and Sixth Amendments. The defendant recognizes the general rule that dismissal for preindictment delay is not required in the absence of fundamental unfairness and that ordinarily an indictment brought within the period of limitations will not be dismissed. However, the defendant argues that the action of the Department of Justice in issuing the criminal complaint, arresting the defendant and obtaining a confession triggered the defendant's right to a speedy trial under the Sixth Amendment and that the subsequent dismissal of the original charge without prejudice exacerbated the situation by leaving the defendant in limbo, whereas he was entitled to a speedy trial under the original charge.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not err in denying the motion to dismiss the indictment. It is established that the Sixth Amendment guarantee of a speedy trial does not apply to the period before a defendant is officially accused. The dismissal of the original criminal complaint left the defendant without any pending criminal charges and the Sixth Amendment right did not attach until he was indicted. United States v. MacDonald, 456 U.S. 1 (1982).
 
 
 5
 The court also concludes that the district court did not abuse its discretion in denying the motion made pursuant to Rule 48(b). The defendant offered no proof of actual prejudice and this court has held that evidence of anxiety and concern resulting from the fact that a person is under criminal investigation is not sufficient to establish prejudice. United States v. Ciammitti, 720 F.2d 927, 931 (6th Cir.1983), cert. denied, 466 U.S. 970 (1984). We likewise conclude that the claim of prejudice was insufficient to establish a Fifth Amendment due process violation where there was no showing that delay in obtaining an indictment was an intentional act on the part of the government designed to gain a tactical advantage. United States v. Greene, 737 F.2d 572, 574 (6th Cir.1984).
 
 
 6
 On the whole record we find no error in the district court's denial of the motion to dismiss. Accordingly, the judgment of the district court is affirmed.