911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary P. MASON and Larry B. Lauver, Defendants-Appellants.
 No. 89-6532.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges and SILER,* Chief District Judge.
 PER CURIAM.
 
 
 1
 On February 8, 1989, an indictment was returned against defendants, Gary P. Mason and Larry B. Lauver, alleging multiple counts of conspiracy, fraud, and embezzlement of money from the Southern Labor Union Health and Welfare Fund. Mason and Lauver moved to dismiss the indictment because of the government's delay in obtaining the indictment against them. The district court denied their motions to dismiss, and Mason and Lauver each negotiated plea agreements, reserving the right to appeal the district court's refusal to dismiss. In this appeal, we hold that the district court properly denied Mason and Lauver's motions to dismiss.
 
 
 2
 Mason and Lauver were vice-president and president respectively of Administrative Systems, Inc. In September 1983, the Union entered into a contract with Administrative Systems under which Administrative Systems would administer the Union's health benefits plan. The Union was to pay a monthly fee to Administrative Systems, and Administrative Systems was to pay all valid claims for health benefits presented by miners who were members of the Union. The Union terminated its relationship with Administrative Services on July 10, 1984, and hired Professional Administrators, Ltd. of Lexington, Kentucky, to administer the fund on August 1, 1984.
 
 
 3
 The Federal Bureau of Investigation received a tip regarding possible wrongdoing by Administrative Systems in handling the Union's health benefits plan in November 1983. FBI Agent Conley Carter began investigating the case during the summer of 1984. Agent Carter interviewed Mason and Lauver several times, but never told them that they were the subject of an investigation. Assistant United States Attorney Nancy Palmer was assigned the case in October 1984, but she did not have time to work on it because of a backlog at the U.S. Attorney's office in the Eastern District of Tennessee. Nonetheless, Agent Carter continued the investigation until June 2, 1986, when the investigation reached the point where it required input by a prosecuting attorney. Palmer was still too busy to provide any assistance before she left the U.S. Attorney's office in January 1988. After Palmer's resignation, Assistant U.S. Attorney Jimmie Baxter took responsibility for the case. At Baxter's behest, Agent Carter conducted some additional investigation during 1988. On September 9, 1988, Mason and Lauver received letters from the Department of Justice informing them that they were the targets of an investigation. Mason and Lauver were indicted on February 8, 1989.
 
 
 4
 Mason and Lauver contend that the delay in issuing the indictment resulted in the violation of their due process rights under the fifth amendment and in the violation of the statute of limitations. The Supreme Court considered what type of delay in issuing an indictment can amount to a violation of the fifth amendment in United States v. Lovasco, 431 U.S. 783 (1977). The Court held that pre-indictment delay may violate the fifth amendment if the government does not have a legitimate reason for the delay and the defense is prejudiced. On the facts of Lovasco, the Court held that the defendant's rights were not violated because the government delayed bringing an indictment in order to further an investigation. Id. at 790.
 
 
 5
 In the Sixth Circuit, we have interpreted Lovasco to hold that delay in obtaining an indictment violates a defendant's right to due process only if the defense suffers "substantial prejudice to his right to a fair trial and [ ] the delay [is] an intentional device by the government to gain a tactical advantage." United States v. Duncan, 763 F.2d 220, 222 (6th Cir.1985) (quoting United States v. Greene, 737 F.2d 572, 574 (6th Cir.1984)). Mason and Lauver contend that we should reinterpret Lovasco to hold that due process rights are also violated by reckless disregard of a known, appreciable risk that delay would prejudice the defense, relying on dicta in Lovasco, 431 U.S. at 795 n. 17, and United States v. $8,850,, 461 U.S. 555, 563 (1983). However, the Court has stated more recently that "deliberate" delay is required for a fifth amendment violation. United States v. Gouveia, 467 U.S. 180, 192 (1984). In addition to Gouveia, we are bound by our previous decision rejecting the "view that proof of intentional government delay [to gain an advantage] is not necessary." United States v. Lawson, 780 F.2d 533, 541 (6th Cir.1985).
 
 
 6
 Mason and Lauver do not show either the intentional delay or the prejudice required to prove a fifth amendment violation for delay in bringing an indictment. First, Mason and Lauver make no showing that the government's delay in indicting them was an intentional device designed to gain a tactical advantage. Duncan, 763 F.2d at 222. The parties agree that the delay resulted from a backlog in the U.S. Attorney's office at the time of the investigation. We do not wish to condone this reason for delay, but we are confident that the failure to give the case higher priority was not a deliberate tactic in violation of the fifth amendment.
 
 
 7
 Second, Mason and Lauver fail to show that the delay substantially prejudiced their defense. Id. A defendant bears the burden to show how the delay actually prejudiced the defense. Id.; United States v. Comosona, 848 F.2d 1110, 1113-14 (10th Cir.1988). Mason and Lauver contend that their defense was prejudiced by witnesses' loss of memory and by the destruction of documents by parties other than the government. However, Mason and Lauver fail to explain how the lost documents or the witnesses' testimony would have exculpated them. Id. Because Mason and Lauver fail to show either actual prejudice or deliberate delay to gain a tactical advantage, they fail to show a violation of their due process rights under the fifth amendment.
 
 
 8
 Mason and Lauver's other contention on appeal is that the statute of limitations bars the charges against them in Count 11 of the indictment for embezzling funds from the Union's health benefits plan in violation of 18 U.S.C. Sec. 664. This statute makes it a federal crime to embezzle money from a fund covered by the Employment Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001, et seq. 18 U.S.C. Sec. 664. The embezzlement to which Mason and Lauver pled guilty occurred in May and June of 1984, and their indictment was filed slightly less than five years later--on February 8, 1989. Mason and Lauver contend that the relevant statute of limitations is three years under 29 U.S.C. Sec. 1113. However, section 1113 explicitly governs only actions "commenced under this subchapter...." 29 U.S.C. Sec. 1113. The statutory basis for the guilty pleas in this case is not found in "this subchapter," but in a completely different title of the United States Code. 18 U.S.C. Sec. 664. Thus, prosecution under 18 U.S.C. Sec. 664 is not governed by the three year limitation in 29 U.S.C. Sec. 1113, but rather by the general limitation of five years in 18 U.S.C. Sec. 3282. The government's prosecution of Mason and Lauver commenced before this five years had passed, and it is not barred by the statute of limitations. 18 U.S.C. Sec. 3282.
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief United States District Judge for the Eastern District of Kentucky, sitting by designation