912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevlin BRADLEY, Defendant-Appellant.
 Nos. 89-6299, 89-6530.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM:
 
 
 1
 Defendant-appellant Kevlin Bradley appeals from his conviction as a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1).[1] Appellant raises four issues on appeal: (1) whether the evidence is sufficient to support the verdict; (2) whether the trial court erred in allowing proof of multiple prior felony convictions; (3) whether the "stop and frisk" which produced the firearm was unreasonable; and (4) whether the preindictment delay violated appellant's right to a speedy trial and due process. We affirm.
 
 
 2
 In April 1986, appellant was a passenger in a car when it was pulled over by the Chattanooga police. The driver had committed no traffic violations, but the police had recently received a report that a car fitting its description, including license plate number, had been reported stolen. The police officers at the scene requested the driver and appellant to exit the car and frisked them both. The police officers testified that appellant was carrying a gun, which was found in his sock. Appellant, however, testified that the gun belonged to the driver, that it was lying on the floor of the car because the driver had tossed it to him when they were pulled over and that it fell to the street when he opened the car door. The gun was unloaded when it was taken by police, and evidence was introduced at trial that it was at least very difficult, if not impossible, to operate when loaded.
 
 
 3
 Appellant was arrested on state charges which were dropped in June 1986. In March 1989, appellant was indicted on the present federal charge of being a convicted felon in possession of a firearm. It was stipulated at trial that appellant had three prior felony convictions.
 
 
 4
 Appellant argues that the evidence is insufficient to support the verdict. Appellant acknowledges that the standard of review for claims of insufficient evidence is:
 
 
 5
 "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
 
 
 6
 United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)), cert. denied, 474 U.S. 1068 (1986).
 
 
 7
 Appellant has not met this standard. Although the evidence as to whether appellant actually carried the gun was conflicting, the jury was entitled to believe the prosecution's witnesses and disbelieve appellant's. It is not this Court's role to reconsider the credibility of the witnesses or retry the case by balancing the evidence. See United States v. Conti, 339 F.2d 10 (6th Cir.1964). There is substantial evidence to support the verdict.
 
 
 8
 Appellant raises the issue of whether evidence of possession of a firearm which was unloaded and arguably unable to function is sufficient to convict him under section 922(g)(1). Appellant apparently argues that as a matter of law dysfunctional firearms are not firearms under the statute. The statute, however, defines a firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. Sec. 921(a)(3)(A) (emphasis added). See United States v. Pleasant, 469 F.2d 1121, 1125 (8th Cir.1972) ("Congress specifically stated that the statute applies to inoperable firearms as well"). Congress did not limit the definition to include only operable firearms, and we will not do so here. As a matter of law, therefore, even possession of an unloaded, inoperable firearm is in violation of the statute.
 
 
 9
 Appellant asserts that it was error to allow proof of multiple prior felony convictions. Although only one prior conviction is needed for a conviction under section 922, this Court has previously held that the prosecution is not limited to proving only one. In United States v. Burkhart, 545 F.2d 14 (6th Cir.1976), this Court held that the admission of two prior felony convictions was not improper. United States v. Ford, 872 F.2d 1231, 1238 (6th Cir.1989), cert. denied, 110 S.Ct. 1946 (1990), held that the "government was ... entitled to prove more than one prior violent felony conviction as predicate crimes for conviction under [section 922]." This Court allowed proof of six prior convictions in that case.
 
 
 10
 Appellant claims that the admission of three of his prior convictions should not have been allowed because they were prejudicial to his case. Under the law of this Circuit, however, the admission of only three prior convictions was not error.
 
 
 11
 Appellant claims that the trial court erred in not granting his motion to suppress the evidence obtained from the "stop and frisk" because it was obtained in violation of the fourth amendment. Appellant has not shown that to be the case. Neither the stopping of the car nor the limited search of appellant were in violation of the fourth amendment.
 
 
 12
 Under applicable Supreme Court decisions, the actions of the police were perfectly reasonable under the circumstances. Police need not have suspicion that rises to the level of probable cause to stop someone, as long as it is "justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez, 449 U.S. 411, 417 (1981). The investigating police officer had recently received a dispatch reporting that a car fitting its description, including license plate number, had been stolen. Those circumstances justified the police stop.
 
 
 13
 The police officers here were also justified in frisking both the driver and passenger of the car that they believed to have been recently stolen. If a police officer has reason to suspect that a person is armed, he must be able to conduct a search and thereby protect himself and others. See Terry v. Ohio, 392 U.S. 1 (1968). "[I]nvestigative detentions involving suspects in vehicles are especially fraught with danger to police officers." Michigan v. Long, 463 U.S. 1032, 1047 (1983). It was reasonable for the officer to believe that appellant, who was suspected of having recently been involved in a car theft, might have been armed and dangerous. See also United States v. Moore, 817 F.2d 1105 (4th Cir.) (reasonable to frisk a person in vicinity of sounding burglar alarm, even without any description of possible suspect or validation of actual burglary), cert. denied, 484 U.S. 965 (1987); United States v. Stevens, 509 F.2d 683 (8th Cir.) (reasonable for police officer to stop and frisk passengers in car that violated traffic laws and was wanted in connection with a burglary), cert. denied, 421 U.S. 989 (1975).
 
 
 14
 Appellant claims that the three-year delay in bringing the federal indictment violated his sixth amendment right to a speedy trial. The Supreme Court, however, held in a similar case that "the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested or otherwise officially accused...." United States v. MacDonald, 456 U.S. 1, 6 (1982). In MacDonald, the Army Criminal Investigation Division had charged the defendant, an Army officer, with murder. Those charges were dismissed, but the defendant was indicted several years later in federal court for the same murders. The Court held that the right to a speedy trial applies only to the delay between indictment and trial, not to any delay that occurs before charges are brought. "Similarly, the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges." Id. at 7.
 
 
 15
 The facts in MacDonald are similar to those in this case. In MacDonald, the Supreme Court held that the earlier Army charges and dismissal did not affect MacDonald's right to a speedy trial. Therefore, appellant's sixth amendment right to a speedy trial was not violated in this case by the three-year delay between the possession of the firearm and the indictment, even though state charges were brought and dismissed during that time.
 
 
 16
 Appellant also claims that the delay in bringing the indictment violated his right to due process. In order to show a due process violation, however, the appellant must prove that his defense was prejudiced by the delay and that the government's reason for delay was improper. See United States v. Lovasco, 431 U.S. 783 (1977); United States v. Marion, 404 U.S. 307, 325 (1971). "This Court previously has stated that '[d]ismissal for preindictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." United States v. Greene, 737 F.2d 572, 574 (6th Cir.1984) (citations omitted). Appellant in this case has shown neither.
 
 
 17
 The record suggests no improper motivation by the prosecution in delaying the indictment, and appellant admits that the delay did not prejudice his defense. Appellant claims only that he would have preferred to have been able to serve his sentence at an earlier date. Such a preference is not protected by the fifth amendment. Appellant has shown no due process violation in the delay.
 
 
 18
 Accordingly, we AFFIRM the judgment of the District Court.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Appellant was convicted under 18 U.S.C. Sec. 1202(a)(1), which has since been changed to Sec. 922(g)(1). It remains substantially the same for purposes of this appeal. References in this text will be to Sec. 922