**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Asa Renando KING, Defendant–**
**Appellant.**

**No. 00–1431.**

United States Court of Appeals,
Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.[*]

*ORDER*

Asa Renando King appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, King was tried by a jury and found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced King to sixty-three months of imprisonment and three years of supervised release. King appeals.

In his timely appeal, King's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

---

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

King has not responded to his counsel's motion to withdraw.

Although believing the appeal to be frivolous, appellate counsel has submitted the following issue for review: whether King was denied his right to a speedy trial in violation of the Due Process Clause of the Fifth Amendment.

This case involves pre-indictment delay. On December 17, 1996, King was arrested on a fugitive warrant. When he was arrested, King had a .380 caliber pistol tucked in his waistband. King was returned to Maryland where he stood trial on a charge of armed bank robbery. That prosecution resulted in a hung jury. In March 1999, King was indicted in the Eastern District of Michigan for being a felon in possession of a firearm.

Pre-indictment delay claims implicate a Fifth Amendment due process right against stale claims. *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) (discussing the "limited role" that the Due Process Clause of the Fifth Amendment plays in protecting against excessive pre-indictment delay). Generally, the applicable statute of limitations insures this protection. *Id.* Pre-indictment delay warrants dismissal when a defendant can show substantial prejudice where the state intentionally delayed the prosecution to gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Rogers*, 118 F.3d 466, 475–76 (6th Cir.1997); *United States v. Brown*, 959 F.2d 63, 66 (6th Cir.1992). Defendant has the burden to show substantial prejudice. *Rogers*, 118 F.3d at 475–76, 477 n. 10; *Brown*, 959 F.2d at 66.

The delay between King's initial arrest on December 17, 1996, and his indictment on March 2, 1999 (a delay of approximately twenty-six months and two weeks), was not presumptively prejudicial. The Sixth Circuit has upheld longer pre-indictment delays without finding a due process violation. *Brown*, 959 F.2d at 67; *United States v. DeClue*, 899 F.2d 1465, 1468–69 (6th Cir.1990) (thirty-three month delay); *United States v. Atisha*, 804 F.2d 920, 927–28 (6th Cir.1986); *United States v. Brown*, 667 F.2d 566, 568 (6th Cir.1982) (delay of approximately five years).

Since King has not established a legal presumption of prejudice, he must show actual prejudice. But, he has not done so; he has not alleged the unavailability of witnesses, a loss of favorable witnesses, or any other prejudice to his defense. Moreover, King has not shown that delay was designed to obtain a tactical advantage. Thus, King was not denied due process by the pre-indictment delay.

We have further examined the record in this case, including the transcripts of King's trial and the sentencing hearing, and conclude that no reversible error is apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.