**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Royce Mario MAY,**
**Defendant-Appellant.**

No. 83–1839.

United States Court of Appeals,
Sixth Circuit.

Submitted July 29, 1985.

Decided Sept. 5, 1985.

Eleanor Cattron Smith, Southfield, Mich., for defendant-appellant.

Joel M. Shere, Lead Counsel, U.S. Atty., Detroit, Mich., James L. McCarthy, for plaintiff-appellee.

Before KENNEDY and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Defendant-appellant Royce May appeals from his convictions on seven counts of embezzlement by a bank employee, 18 U.S.C. § 656 (1982), and seven counts of making false entries into a bank's books, 18 U.S.C. § 1005 (1982). May asserts on appeal that the district court improperly refused to dismiss his indictment due to violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–74 (1982). Specifically he alleges that he was not indicted within 30 days of his arrest, *see* 18 U.S.C. § 3161(b) (1982), and that he was not tried within seventy days of his indictment, *see* 18 U.S.C. § 3161(c)(1) (1982). We hold that the district court correctly denied May's motion to dismiss the indictment and, accordingly, affirm the convictions.

A complaint was issued against May on March 9, 1983, charging him with one count of embezzlement. May was, subsequently, arrested and arraigned pursuant to the complaint on March 14, 1983. The government, however, on April 5, 1983 filed a motion to dismiss the March 9, 1983 complaint without prejudice because it needed additional time to investigate the alleged criminal activity and acquire further evidence. The next day, April 6, 1983, the government's motion to dismiss without prejudice was granted.

Approximately three months later, on July 12, 1983, a federal grand jury indicted May on one count of misapplication of bank funds, eight counts of making false bank entries, and seven counts of embezzlement by a bank employee. May voluntarily appeared and was arraigned on July 22, 1983. The trial began on September 13, 1983 and the jury found May guilty on fourteen counts—two counts had been dismissed on the court's motion. This appeal ensued.

The Speedy Trial Act sets forth a series of specific, mechanical time limits in which a criminal prosecution must proceed. *E.g., United States v. Iaquinta,* 674 F.2d 260,

**982**

264 (4th Cir.1982). Two critical time requirements are that an indictment must be filed within thirty days of an arrest, 18 U.S.C. § 3161(b) (1982), and that a trial must commence within seventy days of the later of the filing of the indictment or the defendant's first appearance before a judicial officer, 18 U.S.C. § 3161(c)(1) (1982). Failure to comply with these time limits may result in dismissal of the indictment with prejudice. 18 U.S.C. §§ 3162(a)(1) & (a)(2) (1982). The effect, for Speedy Trial Act purposes, which the dismissing of a complaint without prejudice has upon the subsequent filing of an indictment pertaining to the same criminal transaction is governed by Section 3161(d)(1). Section 3161(d)(1) provides in the relevant portion that if "any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a[n] ... indictment is filed charging such defendant with the same offense or an offense based on the same conduct ... the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information." Appellant contends that this language requires the government to indict the defendant within thirty days after his arrest pursuant to the original complaint and mandates that the time between the filing and dismissal of the prior complaint be included in the seventy day post-indictment period. Thus, as applied to this case, appellant contends that since he was not indicted within thirty days of his arrest on March 14, 1983 and since adding the twenty-four days during which the original complaint was pending to the sixty-four

day period from the time of his indictment on July 12, 1983 to his trial on September 13, 1983 exceeds the seventy day allowable pre-trial period, the indictment should have been dismissed.[1] We disagree.

Although the language of Section 3161(d)(1) might appear at first glance ambiguous and, ostensibly, subject to the construction urged by appellant, we believe that the clear purport of this section is to make the time periods in Sections 3161(b) & (c)(1) run anew upon the issuance of a subsequent indictment; the prior filing of a complaint and arrest pursuant thereto is simply irrelevant for Speedy Trial Act purposes if the complaint is dismissed without prejudice.[2] This construction is necessary to give effect to all parts of Section 3161. Since Section 3161(b)(1) already mandates that a defendant must be indicted within thirty days of his arrest, appellant's construction would render part of Section 3161(d)(1) superfluous. Further, the legislative history supports our interpretation:

[Section 3161(d)(1)] allows latitude to the prosecutor to re-institute prosecution of a criminal defendant whose case has previously been dismissed on non-speedy trial grounds without having to comply with the time limits imposed by the filing of the earlier complaint. To require a prosecutor to conform to indictment and trial time limits which were set by the filing of the original complaint in order to reopen a case on the basis of new evidence would be an insurmountable burden. Thus, when subsequent complaints are brought, the time limits will begin to run from the date of the filing of the subsequent complaint.

---

**1.** Appellant's assertion relies upon a miscalculation of the seventy day period under Section 3161(c)(1). Under Section 3161(c)(1), the seventy day period begins to run from the later of the filing of the indictment or the defendant's first appearance. *United States v. Richmond,* 735 F.2d 208, 211 (6th Cir.1984). In this case, although May was indicted on July 12, 1983, he was not arraigned until July 22, 1983. Hence, the seventy day period did not start to run until his first appearance on July 22, 1983. Thus, only fifty-four days elapsed under Section 3161(c)(1). Nevertheless, since this miscalculation does not change appellant's substantive ar-

gument, *i.e.,* twenty-four days in addition to the fifty-four day period would still exceed seventy days, for purposes of discussion we will use the sixty-four day period.

**2.** We note that the complaint in this case was dismissed within the thirty day period specified by Section 3161(b). Thus, we do not need to decide whether we would reach the same result if the complaint had been dismissed after the applicable thirty day period. *See generally United States v. Bittle,* 699 F.2d 1201, 1206–07 (D.C. Cir.1983).

S.Rep. No. 1021, 93d Cong., 2d Sess. 33 (1974). Finally, the courts which have addressed this issue have uniformly held that the prior dismissal of a complaint without prejudice has no impact upon the subsequent filing of an indictment; the time periods begin to run anew from the issuing of the subsequent indictment. *United States v. Dorman,* 752 F.2d 595, 597–98 (11th Cir.1985); *United States v. Bittle,* 699 F.2d 1201, 1205–07 (D.C.Cir.1983); *United States v. Krynicki,* 689 F.2d 289, 292–95 (1st Cir.1982); *United States v. Belleville,* 505 F.Supp. 1083 (E.D.Mich. 1981); *see United States v. Abernathy,* 688 F.2d 576, 578–81 (8th Cir.1982). Accordingly, we reject appellant's interpretation of Section 3161(d)(1).[3]

The judgment of the district court is hereby affirmed.

---

**3.** Our interpretation of Section 3161(d)(1) could possibly be abused by a prosecutor continually dismissing prior complaints. Such abuse, however, as noted by the Senate Report, can be remedied by the district court's dismissing of the complaint with prejudice.

> The Committee is concerned that this provision not be used to evade the speedy trial time limits set out in this Act. The prosecutor should not be able to avoid the speedy trial time limitations when his carelessness in preparing the original complaint or indictment has resulted in a dismissal under this section. Therefore, when a judge dismisses an original information or indictment on other than speedy trial grounds he should, nevertheless, take into consideration the defendant's right to a speedy trial under the statute and under the Constitution. For example, the judge might want to order that the original dismissal be with prejudice so that the prosecutor

could not reindict several months after a carelessly drawn indictment has been dismissed. S.Rep. No. 1021 93d Cong., 2d Sess. 33 (1974).