780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
GERONIMO GONZALEZ, Defendant-Appellant.
 84-1687
 United States Court of Appeals, Sixth Circuit.
 11/4/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Geronimo Gonzalez appeals his conviction for manufacturing hencyclidine, PCP. He argues that his rights have been violated by pre-indictment and post-indictment delays and by the court's refusal to grant use immunity to a defense witness who had declined to testify on the basis of his fifth amendment rights. We affirm.
 
 
 2
 Gonzalez was arrested and charged on November 8, 1982. He had been convicted in 1981 for possession of and conspiracy to manufacture PCP and had been sentenced to five years. In 1982, he was not in custody but out on an appeal bond. On November 9, 1982, the appeal bond was revoked and Gonzalez was ordered to begin serving his five year sentence for the 1981 conviction. On November 16, 1982, the complaint on the 1982 charge was dismissed. He continued to serve his prior sentence but in the custody of the marshal rather than as a regularly assigned prisoner. On January 25, 1984, Gonzalez was indicted and on February 16, 1984, he was arraigned. Numerous motions were filed and several continuances were granted at his attorney's behest so that the trial did not begin until July 27, 1984. Gonzalez argues that the delay between his arrest on November 8, 1982 and the indictment on January 25, 1984 and the subsequent delay of his trial until July 27, 1984 violated the Speedy Trial Act, 18 U.S.C. Sec. 3161, the speedy trial clause of the sixth amendment, Rule 48(b) of the Federal Rules of Criminal Procedure, and the due process clause of the fifth amendment.
 
 
 3
 The Speedy Trial Act requires that the indictment be filed within thirty days of the arrest, 18 U.S.C. Sec. 3161(b), and that the trial begin within seventy days of the later of the defendant's first appearance before a judicial officer or the filing of the indictment, 18 U.S.C. Sec. 3161(c)(1). Sections 3161(4)(1) and (h)(6) require that these time periods be measured from the filing date of the subsequent complaint or indictment if a prior indictment or complaint based on the same conduct is dismissed without prejudice. We have recently held that the prior filing of a complaint which is later dismissed without prejudice is irrelevant for Speedy Trial Act purposes. The time periods are measured from the subsequent date, United States v. May, 771 F.2d 980, 982 (6th Cir. 1985). See also United States v. Dorman, 752 F.2d 595, 597-98 (11th Cir. 1985); United States v. Bittle, 699 F.2d 1201, 1205-07 (D.C. Cir. 1983); United States v. Krynicki, 689 F.2d 289, 292-95 (1st Cir. 1982). The complaint against Gonzalez was dismissed without prejudice on November 16, 1982. Gonzalez remained incarcerated because of a prior sentence, not because of the November 8, 1982 arrest. Thus, the time period prior to the indictment of January 25, 1984 is irrelevant for Speedy Trial Act purposes and there was no violation of the thirty day requirement of section 3161(b).
 
 
 4
 For purposes of the requirement of section 3161(c)(1) that the trial must begin within seventy days of the indictment or first judicial appearance, whichever is later, any pre-indictment period is irrelevant. United States v. May, 771 F.2d at 982-83 (6th Cir. 1985). We first focus on the arraignment date because it is later than the indictment and constitutes the first judicial appearance by Gonzalez. The arraignment day itself, February 16, 1984, is not counted. United States v. Richmond, 735 F.2d 208, 211 (6th Cir. 1984); United States v. Campbell, 706 F.2d 1138, 1139 (11th Cir. 1983). From February 17 until April 13, 1984, fifty-six days passed, but one day, March 19, the date of a Stipulation and Order permitting the withdrawal of defense counsel, is excluded under section 3161(h)(1)(F) as a delay resulting from a pretrial motion. Thus, fifty-five excludable days passed. On April 13, 1984, Gonzalez moved for a continuance asserting his inability to be ready to begin trial. The continuance was granted. That day is excluded under section 3161(h)(1)(F) as a delay resulting from a pretrial motion. The period of April 14, 1984 through May 13, 1984 is excluded as an 'ends of justice' continuance under 18 U.S.C. Sec. 3161(h)(8)(A). On May 14, 1984, the defense filed a second motion for continuance which was granted after a hearing was held and Gonzalez's concurrence in the motion was obtained. Thus, May 14 is excluded as a pretrial motion day under section 3161(h)(1)(F). The days of May 15, 1984 through June 4 are excluded as an 'ends of justice' continuance. 18 U.S.C. Sec. 3161(h)(8)(A). On May 22, 1984, the defense moved that the case be dismissed for pre-indictment delay. The days of May 22 through June 6, 1984 are excluded under section 3161(h)(1)(F) as delay resulting from pretrial motions. The period of June 6 until June 20, 1984 is excluded under section 3161(h)(1)(J) as delay attributed to a motion under advisement because the magistrate was considering the matter during that time. The days of June 21 through July 11 are excluded under section 3161(h)(1)(J) as a period attributable to a motion under advisement because the court was considering the magistrate's recommendation. United States v. Mers, 701 F.2d 1321, 1335-37 (11th Cir.), cert. denied, 464 U.S. 991 (1983). Gonzalez's motion on June 29, 1984 to postpone the trial date was granted on July 2. On July 12 he moved to dismiss for post-indictment delay. A hearing was held and the motion was denied on July 20. The days of July 12 through July 20, 1984 are thus excluded under section 3161(h)(1)(F) as delays resulting from a pretrial motion. The six days of July 21, 1984 through July 26 are all included, making the total sixty-one days, well within the seventy day limit of section 3161(c)(1).
 
 
 5
 Gonzalez argues that the continuances granted on April 13, May 14, and July 2 at his own request were not 'ends of justice' continuances. Because these continuances were granted to insure that Gonzalez was represented by adequately prepared counsel they were proper under section 3161(h)(8)(B)(iv). In granting the May 14 and July 2 continuances as 'ends of justice' continuances, the court made appropriate findings and the July 2 findings also referred back to the April 13 continuance. Findings need not be included in the record at the time of granting the continuance. Richmond, 735 F.2d at 215, United States v. Bryant, 726 F.2d 510, 511 (9th Cir. 1984).
 
 
 6
 The speedy trial rights of the sixth amendment do not apply to pre-indictment delay, or any delay resulting from dismissal of charges. United States v. MacDonald, 456 U.S. 1, 6-8 (1982); see United States v. Lovasco, 431 U.S. 783, 788-89 (1977), reh'g denied, 434 U.S. 881 (1977); United States v. Greene, 737 F.2d 572, 574 (6th Cir. 1984). Four factors have been enumerated that should be weighed in determining whether an accused has been deprived of his sixth amendment rights by post-indictment delay: the length of the delay, the reason for the delay, whether the defendant assets his right, and the prejudice to the defendant from the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972); Greene, 737 F.2d at 575. Prejudice to the defendant must be considered so as to prevent pretrial incarceration, to minimize anxiety of the accused, and to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532; Greene, 737 F.2d at 575. In this case, the time from indictment to trial was about six months and was caused primarily by defense motions for continuances and for dismissal. Though Gonzalez did mention the delay, he sought the continuances also and he was already in custody. He did not show that he had forgotten anything significant and he otherwise made no showing that his defense was impaired. Consideration of these facts leads to but one conclusion: there was no sixth amendment violation.
 
 
 7
 Rule 48(b) of the Federal Rules of Criminal Procedure also guards against 'unnecessary delay in presenting the charge to a grand jury or in filing any information against a defendant who has been held to answer to the district court, or . . . unnecessary delay in bringing a defendant to trial.' It does not apply to this pre-indictment delay because after the complaint was dismissed, Gonzalez was 'legally and constitutionally in the same posture as though no charges had been made,' MacDonald, 456 U.S. at 10; see United States v. Ciammitti, 720 F.2d 927, 930-31 (6th Cir. 1983), cert. denied, ---- U.S. ----, 104 S. Ct. 2342 (1984); United States v. Giacalone, 477 F.2d 1273, 1275 (6th Cir. 1973). The post-indictment delay under a Rule 48(b) claim must be analyzed under Barker. See Ciammitti, 720 F.2d at 930. There is no Rule 48(b) violation.
 
 
 8
 Finally, we consider the delays in light of the due process clause of the fifth amendment. Pre-indictment delay must be shown to be an 'intentional device on the part of the Government to gain a decided tactical advantage' in its prosecution and must be shown to 'substantial[ly] prejudice' Gonzalez's right to a fair trial. Greene, 737 F.2d at 574-75. The majority of the pre-indictment delay here was caused by good faith plea negotiations. There is no evidence that the prosecution intentionally sought a tactical advantage. We need not reach the second requirement of a showing of substantial prejudice. See Greene, 737 F.2d at 574.
 
 
 9
 At trial, Gonzalez used entrapment as a defense, claiming that he had not been predisposed to make PCP but that he had been induced by a government informant. Gonzalez subpoenaed Edward Arciniega, a convicted federal prisoner, to testify in his behalf, however, Arciniega elected to exercise his fifth amendment privilege not to testify. Despite Gonzalez's request, the district court refused to grant immunity to Arciniega.
 
 
 10
 When presented with these facts, the court below clearly was correct in refusing use immunity. Federal district courts lack power to grant use immunity to a witness under the federal use immunity statute, Pillsbury Co. v. Conboy, 459 U.S. 248 (1983), or under the compulsory process clause of the sixth amendment. United States v. Pennell, 737 F.2d 521, 526 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S. Ct. 906 (1985); United States v. Lenz, 616 F.2d 960, 962 (6th Cir.), cert. denied, 447 U.S. 929 (1980). There is no inherent power to immunize a witness whose testimony is vital to a defense if that witness invokes the privilege against self-incrimination. Pennell, 737 F.2d at 527; United States v. Gullett, 713 F.2d 1203, 1209 (6th Cir. 1983), cert. denied, 464 U.S. 1069, 104 S. Ct. 973 (1984); Lenz, 616 F.2d at 962.
 
 
 11
 The judgment of the district court is affirmed.