UNITED STATES of America, Plaintiff,

v.

Gayle ROY, Defendant.

No. CR–1–90–117.

United States District Court,
S.D. Ohio, W.D.

Jan. 11, 1991.

John DiPuccio, U.S.Atty., Cincinnati, Ohio, for U.S.

Gregory Chapman, Milford, Ohio, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SPIEGEL, District Judge.

This matter is before the Court on the defendant's motion to dismiss the indictment (doc. 11) and the government's memorandum in opposition (doc. 13). A hearing was held on the defendant's motion on January 7, 1991, the day of the scheduled trial.

The defendant argues that the indictment must be dismissed because the government failed to bring the defendant to trial within the time mandated by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* The Speedy Trial Act provides, in part, as follows:

In any case in which a plea of not guilty is entered, the trial of a defendant

charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever day lasts occurs.

18 U.S.C. § 3161(c)(1). In order to determine whether the period of time specified by the Speedy Trial Act has elapsed, we must briefly review the history of this prosecution.

The defendant was originally indicted by the grand jury in a four count indictment on April 25, 1990. The indictment charged the defendant with a number of offenses, all of which were related to her alleged fraudulent collection of benefits under the Federal Employees Compensation Act. The indictment charged the defendant with two violations of 18 U.S.C. § 1001 and two violations of 18 U.S.C. § 287. The defendant was arraigned before Magistrate Sherman on May 14, 1990, and the case was assigned to the Honorable Carl B. Rubin. The defendant filed a motion for discovery, a motion for a bill of particulars, and a motion to enlarge the time within which to file pretrial motions on May 24, 1990. The government never responded to these motions, no hearing was held on the motions, and no orders pertaining to the motions were filed by the Court after Judge Rubin scheduled the case to be tried on July 16, 1990. The indictment was then dismissed upon motion of the government pursuant to Fed.R.Crim.P. 48(a) on July 23, 1990.

The defendant was reindicted on November 7, 1990 in a nine count indictment. The indictment charged the defendant with four violations of 18 U.S.C. § 1001, two violations of 18 U.S.C. § 287, and three violations of 18 U.S.C. § 1341. All of these charges relate to the same alleged fraudulent collection of benefits under the Federal Employees Compensation Act by the defendant, and all of the events related in the second indictment occurred prior to the filing of the first indictment on April 25, 1990. The plaintiff was arraigned on No-

vember 19, 1990, and the case was assigned to this Court. This Court held a pretrial conference on November 29, 1990. When asked by the Court at the pretrial conference, the Assistant United States Attorney advised the Court that the Speedy Trial Act required the case to be tried by January 28, 1991, and the Court scheduled the case for trial on January 7, 1991. The defendant's counsel did not object to the representation by the Assistant United States Attorney or to the trial date set by the Court, nor did the defendant's counsel indicate that there were any speedy trial problems. The defendant filed a motion for discovery and a motion for a bill of particulars on November 29, 1990. The defendant then filed a notice of withdrawal of these motions on December 14, 1990. The defendant filed her motion to dismiss the indictment on January 7, 1990, the morning of the trial.

█ The defendant contends that the time the first indictment was pending must be added to the time the second indictment was pending in order to calculate the time period under the Speedy Trial Act. The defendant relies upon her interpretation of 18 U.S.C. § 3161(h)(6) to support her contention. Section 3161(h)(6) provides the following *exclusion* from the computation of time within which the trial must commence.

If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

Although it appears the Sixth Circuit has not ruled upon this issue, we agree with those circuit courts that have interpreted this provision tolling the speedy trial time period between the dismissal of the original indictment by the government and the filing of the subsequent indictment as necessarily implying that the includable time with regard to the original indictment

should be added to the includable time with regard to the subsequent indictment in calculating the speedy trial time period. *See United States v. Perez*, 845 F.2d 100, 103–04 (5th Cir.), *cert. denied sub nom., Aranda–Rodriguez v. United States*, 488 U.S. 847, 109 S.Ct. 124, 102 L.Ed.2d 98 (1988); *United States v. Roman*, 822 F.2d 261, 263–64 (2d Cir.), *cert. denied*, 484 U.S. 954, 108 S.Ct. 347, 98 L.Ed.2d 373 (1987); *United States v. McCown*, 711 F.2d 1441, 1446 (9th Cir.1983); *United States v. Horton*, 676 F.2d 1165, 1169 (7th Cir.1982), *cert. denied*, 459 U.S. 1201, 103 S.Ct. 1184, 75 L.Ed.2d 431 (1983); *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir.1980).

The government argues that the computation of the speedy trial time period commences with the second indictment. The authority cited by the government does not support this position. In *United States v. May*, 771 F.2d 980 (6th Cir.1985), the Sixth Circuit Court of Appeals held that despite the fact the government dismissed a complaint against the defendant without prejudice the speedy trial time period began to run anew upon the filing of a subsequent indictment. In *United States v. May*, however, the Sixth Circuit was interpreting 18 U.S.C. § 3161(d)(1) rather than 18 U.S.C. § 3161(h)(6). Section 3161(d)(1) applies to a case where an indictment was dismissed upon the motion of the defendant or a charge contained in a complaint filed against a defendant is dismissed or otherwise dropped. Section 3161(d)(1) does not apply to a case where an indictment was dismissed upon the motion of the government. The government also cites *United States v. Atisha*, 804 F.2d 920 (6th Cir. 1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987), which interprets the right to a speedy trial under the sixth amendment without reference to the Speedy Trial Act and is therefore inapposite.

Therefore, we find that we must include the time with regard to the original indictment when calculating the speedy trial time period.

█ A total of seventy days elapsed between the time the defendant was arraigned on the first indictment and the time the indictment was dismissed upon the motion of the government. The defendant's pretrial motions were pending for sixty days of this time period. The Speedy Trial Act excludes from the computation of the time within which the trial must commence any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). The Speedy Trial Act also excludes any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(J). The defendant contends that the sixty days during which her pretrial motions were pending should not be excluded from the computation under these provisions because the motions were never opposed by the government and the court never held a hearing or ruled upon the motions. *See United States v. Mentz*, 840 F.2d 315, 328–29 (6th Cir.1988). Alternatively, the defendant contends that the maximum amount of time that can be excluded due to pending pretrial motions under 18 U.S.C. §§ 3161(h)(1)(F) & (J) is thirty days when the motion does not require a hearing. *See United States v. Pelfrey*, 822 F.2d 628, 633–34 (6th Cir.1987). Therefore, the defendant argues that the Court should include seventy days, or alternatively forty days, during which the original indictment was pending, in the calculation of the speedy trial time period.

A total of forty-nine days elapsed between the time the defendant was arraigned on the second indictment and the time the defendant filed her motion to dismiss. Sixteen of these days are excludable from the speedy trial calculation, representing the time the defendant's pretrial motions were pending before they were withdrawn. Therefore, thirty-three days during which the second indictment was pending must be included in the speedy trial calculation. Accordingly, even the defendant's conservative calculation yields a total of seventy-three days between the time of the original indictment and the scheduled trial date.

Therefore, the requirement that the trial of a defendant charged in an indictment with the commission of an offense shall commence within seventy days from the filing date of the indictment has been violated.

 The government argues that even if the Speedy Trial Act has been violated, portions of the indictment should not be dismissed because the second indictment contains new and different charges. Therefore, the government contends that the time period during which the original indictment was pending should not be considered when calculating the speedy trial time period for these additional charges. We disagree. Section 18 U.S.C. § 3161(h)(6) applies to cases in which "a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense." We find that all of the charges in both indictments relate to the same alleged fraudulent collection of benefits under the Federal Employees Compensation Act, and therefore all of the charges in the second indictment are charges for the same offense or an offense required to be joined with that offense. Accordingly, we reluctantly find the defendant's motion to dismiss the indictment in its entirety under the Speedy Trial Act to be well taken.

 When the Court determines that the defendant has not been brought to trial within the time required by the Speedy Trial Act, the Court must dismiss the indictment but may do so with or without prejudice. 18 U.S.C. § 3162(a)(2). In making this determination, the Court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and the administration of justice." *Id.* In the present case, the circumstances leading to the dismissal indicate that the violation of the Speedy Trial Act was due to inadvertence and the government's view that the second indictment rewound the clock for purposes of the speedy trial requirements rather than from any intentional misconduct by the government. The defendant's counsel did not object to the scheduled trial date of January 7, 1991 at the pretrial conference, nor did he inform the Court or the Assistant United States Attorney of the serious speedy trial problem in the case until he filed his motion on the morning of the trial. Furthermore, the defendant was advised at the time the original indictment was dismissed that she would be reindicted, and the defendant has not indicated how she was prejudiced by the delay. Therefore, we will dismiss the indictment without prejudice.

Accordingly, the defendant's motion is granted and the indictment in the above-captioned case is hereby dismissed without prejudice.

SO ORDERED.