932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David MOUTOUX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6142.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and DOUGLAS W. HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 David Moutoux appeals pro se the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In January 1988, a jury convicted Moutoux of furnishing false information to obtain a Social Security number in violation of 42 U.S.C. Sec. 408(f). He was given a one year suspended sentence and placed on two years probation. Following the expiration of his probation period, Moutoux filed his motion to vacate sentence asserting: (1) that his trial counsel was ineffective; (2) that insufficient evidence existed to support his conviction; and (3) that he was denied his sixth amendment right to a speedy trial because his conviction was obtained in violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161. Because Moutoux filed his Sec. 2255 motion after the expiration of his sentence, the district court construed the motion as a petition for a writ of error coram nobis. After a review, the district court dismissed the petition, finding that Moutoux's assertions were meritless. Moutoux has filed a timely appeal, challenging only the district court's finding that his conviction did not violate the Speedy Trial Act.
 
 
 4
 Upon review, we initially note that the district court properly construed Moutoux's Sec. 2255 motion as a petition for a writ of error coram nobis. See Sevier v. Turner, 742 F.2d 262, 268-69 (6th Cir.1984); Green v. Arn, 839 F.2d 300, 302 (6th Cir.1988) (order), cert. denied, 488 U.S. 1034 (1989). Moreover, Moutoux has not established his entitlement to the extraordinary remedy of coram nobis, because he has not demonstrated an error of a fundamentally unjust character which would have altered the outcome of the challenged proceeding. See Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). The filing of the subsequent indictment in the Middle District of Tennessee did not constitute a violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161. See United States v. May, 771 F.2d 980, 983 (6th Cir.1985) (per curiam).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation