# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3118

_____

United States of America,    *
                             *
          Appellee,          *
                             *    Appeal from the United States
     v.                      *    District Court for the
                             *    Southern District of Iowa.
Cecil Darrell Williams,      *
                             *
          Appellant.         *

_____

Submitted: February 15, 2005
          Filed: May 26, 2005 **(Corrected 6/20/05)**

_____

Before LOKEN, Chief Judge, RILEY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Cecil Darrel Williams ("Williams") was indicted in the United States District Court for the Southern District of Iowa on a charge of possession of a firearm during a domestic restraining order, in violation of 18 U.S.C. § 922(g)(8)(B). He was sentenced to 70 months of imprisonment following a conditional guilty plea. Williams appeals the district court's denial of his motion to dismiss the indictment and also appeals his sentence. We affirm in part and reverse in part.

## I. *Background*

On September 8, 2003, Stacy Sabel called the Bettendorf Police Department, in Bettendorf, Iowa, to report that Williams, her boyfriend, had assaulted her. While officers were responding, Williams contacted the police station stating that he had a loaded 12-gauge shotgun. Williams threatened to harm himself and any officer who attempted to enter his residence. After a stand off outside Williams's residence, Williams surrendered. The police took the shotgun, described as a Mossberg brand, model 600AT, 12 gauge, pump action shotgun. A background check indicated that Williams had a prior felony conviction in the state of Oregon in 1985.

On November 20, 2003, while still in the custody of the Bettendorf police, Williams was indicted and charged with being a felon in possession of a firearm on or about September 8, 2003, in violation of 18 U.S.C. § 922(g)(1). Williams was taken into federal custody on December 10, 2003. On February 11, 2004, Williams filed a motion to dismiss the indictment because under Oregon law, his firearm rights had been restored prior to September 8, 2003. In response, the government issued a complaint on February 27, 2004, charging Williams with being a felon in possession of a firearm on or about July 4, 2001 through to January 26, 2003. Also, on February 27, 2004, the government's original indictment was dismissed without prejudice.

Twelve days later, on March 10, 2004, the government issued a second indictment containing two counts. Count one charged Williams with being a felon in possession of a firearm on or about June 1, 1998 until January 26, 2003, in violation of 18 U.S.C. § 922(g)(1). Count two charged him with possession of a firearm during a domestic restraining order from on or about September 26, 2001, and continuing until on or about September 8, 2003, in violation of 18 U.S.C. § 922(g)(8)(B). Williams filed a motion to dismiss count two of the second indictment alleging a violation of his speedy trial rights. The district court denied the motion stating that count two of the second indictment was a new charge.

Williams conditionally pled guilty to count two of the second indictment, but reserved the right to appeal the denial of the motion to dismiss. At the sentencing hearing, Williams objected to two enhancements. The first was pursuant to U.S.S.G. § 2K2.1(a)(4)(A) for a prior felony involving a crime of violence. The second was pursuant to U.S.S.G. § 2K2.1(b)(5) for possession of a firearm in connection with a felony. Williams argued that the enhancements violated his right to a jury trial under the Sixth Amendment and *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). The district court overruled the objection ruling *Blakely* did not apply to the United States Sentencing Guidelines. Williams was sentenced to 70 months of imprisonment. Williams now appeals the district court's denial of his motion to dismiss the indictment and appeals his sentence.

II. *Discussion*

A. *Motion to Dismiss the Indictment*

In the context of the Speedy Trial Act, we review the district court's findings of fact for clear error and the district court's legal conclusions de novo. *United States v. Van Someren*, 118 F.3d 1214, 1216 (8th Cir. 1997) (citing *United States v. Duranseau,* 26 F.3d 804, 808 (8th Cir. 1994)). The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Relying on 18 U.S.C. § 3161(d)(1), Williams argues that his speedy trial rights were violated due to the failure to bring a valid indictment on the federal charges within 30 days of his arrest by the Bettendorf Police Department.

18 U.S.C. § 3161(d)(1) provides:

[i]f any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint

is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

Williams contends that the government's March 10, 2004, indictment merely restated the allegations of the November 20, 2003, indictment and thus was based upon the same conduct and charged the same offense. As such, the second indictment would violate the 30-day limitation contained in § 3161(b).

Williams is mistaken due to the effect of the government's dismissal of the initial complaint. "The well-settled rule in this and other circuits . . . [is] that when the government drops a *complaint* but then later brings a new complaint or indictment on the same charge, the 30-day period runs from the second complaint or indictment." *United States v. Long*, 900 F.2d 1270, 1273 (8th Cir. 1990) (emphasis added).[1]

---

[1]In other circuits, unlike our own circuit, this rule applies regardless of whether the government drops a complaint or indictment. *See United States v. Hutchins*, 818 F.2d 322, 325–26 (5th Cir. 1987) (return of second indictment 50 days after initial dismissal of first indictment did not violate 30-day rule even though charges based on same criminal conduct); *United States v. May*, 771 F.2d 980, 982–83 (6th Cir. 1985) (time period begins to run anew from issuing of new indictment); *United States v. Puett*, 735 F.2d 1331, 1333–34 (11th Cir. 1984) (30-day time period began anew after dismissal of first complaint); *United States v. Samples*, 713 F.2d 298, 302–03 (7th Cir. 1983) (while the language of Speedy Trial Act is ambiguous as to whether the original arrest or an arrest made in connection with the subsequent indictment controlled, the legislative history of the act makes reference to allowing the time limits imposed in subsections 3161(b) and (c) to run afresh; thus it must follow that the original arrest is not the starting point to measure whether the subsequent indictment is timely); *United States v. Thomas*, 705 F.2d 709–11 (4th Cir. 1983) (new

Therefore, "the time between the arrest and the dismissal of the first complaint is not counted, nor is the time between the dismissal and the second [or subsequent] indictment [or complaint]." *Id.* at 1274. Our circuit, unlike some other circuits, however, distinguishes between the dismissal of a complaint and the dismissal of an indictment. *See id.* at 1273 n.2. In the our circuit, "[w]here the *indictment* is dismissed on the government's motion, the time limitation is merely tolled during the period when no indictment [or information] is outstanding." *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980) (citation omitted) (emphasis added). Thus, the time between the arrest and the first indictment, as well as the time between the dismissal and the subsequent indictment or complaint, are counted for speedy trial purposes.[2]

Williams conceded at oral argument that the 30-day limitation for indictment began to run when federal rather than state authorities detained him. Williams's initial federal indictment occurred on November 20, 2003, which was 20 days prior to his federal detention on December 10, 2003. Consequently, no 30-day clock ever started to run between his detention and indictment. When the original indictment was dismissed, the government had a full thirty days to either file a complaint or a second indictment. *See* 18 U.S.C. § 3161(b) (requiring *either* information or indictment to be filed within 30 days). On February 27, 2004, the government dismissed the original

---

prosecution not subject to dismissal based on failure to comply with time limits imposed in original prosecution); *see also United States v. Bittle*, 699 F.2d 1201, 1205–06 (D.C. Cir. 1983). Moreover, when "the first indictment is dismissed at the defendant's request, the time limitation begins to run anew with reindictment." *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980) (citation omitted).

[2]*See also* 18 U.S.C. § 3161(h)(6) ("[i]f the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense," then exclude from the time computation "any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge").

indictment and filed a complaint alleging violations of 18 U.S.C. § 922(g)(1), as well as a violation of 18 U.S.C. § 922(g)(8)(B) on dates different from the original indictment. Because that complaint was filed on the same day the original indictment was dismissed, no time ran on the 30-day clock and there was no time when an indictment or information was outstanding. *See* Fed. R. Crim. P. 45 ("[e]xclude the day of the act, event[] or default that begins the period"). The government filed its second indictment on March 10, 2004, well within 30 days of the filing of the complaint. Consequently, there was no violation of the Speedy Trial Act.

Although the district court's denial of the motion to dismiss was based on different grounds,[3] we affirm the denial of the motion for the reasons just stated. *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990) (a court of appeals may affirm judgment on any ground supported by record even if not relied upon by the district court).

B. *Sentencing Enhancements*

Williams also argues that *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004), prohibited the district court from enhancing his sentence under U.S.S.G. § 2K2.1 because it rendered the United States Sentencing Guidelines unconstitutional. Williams contends that 57 months was the maximum sentence he could have received based upon the facts he admitted in his guilty plea.

Williams's sentencing occurred prior to *United States v. Booker*, 125 S. Ct. 738 (2005). The Supreme Court in *Booker* did apply *Blakely* to the Sentencing Guidelines, but did not invalidate them in their entirety. *Id.* at 764. Rather, the Court excised certain sections of the Guidelines that made them mandatory. *Id*. While district courts are no longer bound to apply the Guidelines, the Guidelines must be consulted and

---

[3]The district court held that because the offenses alleged in the two indictments were different, the 30-day clock began anew.

taken into account when sentencing. *Id.* at 767. Criminal sentences reviewed on appeal are affirmed unless unreasonable. *Id.*

At sentencing, Williams received two enhancements under U.S.S.G. § 2K2.1. The first was for a prior conviction of a crime of violence under § 2k2.1(a)(4). The second was for using the firearm in connection with another felony offense under § 2K2.1(b)(5). It is clear that the § 2k2.1(a)(4) enhancement is outside the scope of *Booker*, as the fact of a prior conviction does not have to be proven to a jury beyond a reasonable doubt. *See id*. at 756; *see also Shepard v. United States*, 125 S. Ct. 1254, 1262–63 (2005) (affirming *Apprendi* exception for prior convictions). However, the § 2K2.1(b)(5) enhancement is within the scope of *Booker*, and accordingly, we must remand in light of *Booker*.

### III. *Conclusion*

The district court's denial of the motion to dismiss the indictment is affirmed. We remand this case for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

_____