*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0010p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                         *Plaintiff-Appellant,*

       *v.*

REGINALD S. MYERS,

                       *Defendant-Appellee.*

No. 10-4314

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 10-00069-001—Michael R. Barrett, District Judge.

Argued: December 6, 2011

Decided and Filed: January 11, 2012

Before: BOGGS, COLE and SUTTON, Circuit Judges.

_____

**COUNSEL**

_____

**ARGUED:** Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellant. Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellant. Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S OFFICE, Cincinnati, Ohio, for Appellee.

_____

**OPINION**

_____

SUTTON, Circuit Judge. The government did not prosecute Reginald Myers' first indictment for joining a heroin-distribution ring as quickly as the Speedy Trial Act requires. On Myers' motion, the district court dismissed the charges without prejudice. When the government filed the same charges in a new indictment, the district court

1

dismissed them too, reasoning that the speedy-trial clocks for the new charges ran from the dates of Myers' original arrest and indictment.  We reverse.

I.

The police arrested Myers on February 4, 2009, after filing a sealed complaint that charged him with peddling heroin.  Myers appeared before a federal magistrate judge the same day and was released on bond to give him a chance to cooperate with investigators.  A federal grand jury returned a sealed indictment on June 17, 2009, charging Myers and several others with drug-trafficking offenses.  Authorities took Myers back into custody, and an arraignment on the indictment took place on September 22, 2009.  The government tarried in bringing the case to trial, prompting the district court to grant Myers' motion to dismiss the charges against him under the Speedy Trial Act.  The court held that the government violated two provisions of the Act:  (1) more than 30 non-excludable days elapsed between Myers' initial arrest and indictment; and (2) more than 70 non-excludable days elapsed between his arraignment and the start of trial.  *See* 18 U.S.C. §§ 3161(b), (c)(1).  The court dismissed the charges without prejudice.

Three months later, a federal grand jury returned a new indictment charging Myers with the same crimes.  He again moved to dismiss the charges under the Speedy Trial Act.  The district court granted the motion, reasoning that because the charges in the new indictment were based on the same conduct as the charges in the original indictment, the same (already expired) speedy-trial deadlines applied.

II.

For our purposes, the Speedy Trial Act imposes two limits on the prosecution of a criminal defendant:  (1) the government must file an indictment within 30 days of the defendant's arrest, 18 U.S.C. § 3161(b); and (2) the defendant's trial must commence within 70 days of his initial appearance or the filing of the indictment, whichever occurs last, *id*. § 3161(c)(1).  If the government exceeds these limits and the Act does not exclude the delays, *id*. § 3161(h), the Act requires the district court to dismiss the case

on the defendant's motion, *id*. §§ 3162(a)(1)–(2).  The Act gives the district court discretion over whether to dismiss the case with prejudice or without it.  *Id*.

If, as happened here, the district court dismisses an initial indictment without prejudice, what happens when the government files a second indictment based on the same conduct?  Do the 30-day and 70-day limitations start anew or do they run from the initial arrest and indictment?  In our view, the text of the relevant provisions together with common sense establish that the clocks start anew.

Consider what the relevant text says.  Section 3161(d)(1) provides:

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

When the court dismisses a charge and the government subsequently brings a new charge based on the same conduct, the 30-day speedy-indictment clock and the 70-day speedy-trial clock—"the provisions of subsections (b) and (c)"—thus apply to the new charge.  By saying that the 30-day and 70-day clocks "shall be applicable" to the new "indictment," § 3161(d)(1) goes a long way to answering the question at hand.  Read naturally, subsections (b) and (c) apply to the *new* arrest and the *new* indictment, not the prior or (for that matter) future arrests or indictments.  With respect to the 70-day clock, that is not just the most natural reading of the provision but the only plausible reading of it.  At that point, given the dismissal of the first indictment, there is no other indictment against which the clock could run.

Common sense, backed up by the canon against rendering statutory language ineffective, *Corley v. United States*, 556 U.S. ___, 129 S. Ct. 1558, 1566 (2009), supports this interpretation.  When the government violates the Speedy Trial Act,

subsections 3162(a)(1) and (2) of the Act permit district courts to dismiss the charges with prejudice or without prejudice. Yet Myers' interpretation would collapse the two options into one, converting a district court's choice into a district court's mandate to dismiss all charges with prejudice. A court after all may dismiss charges under the Act if and only if one of the clocks has expired. And if the clocks on the new charges run from the dates of the original arrest and indictment, those charges would be untimely from day one under at least one of the speedy-trial deadlines, making all dismissals under the Act with prejudice, even those designated otherwise. Reading § 3161(d)(1) the other way—to provide for fresh speedy-trial and speedy-indictment time lines upon a defendant's subsequent arrest or indictment on charges previously dismissed without prejudice—not only respects the language of the relevant provisions, but it also gives effect to §§ 3162(a)(1) and (2).

One other textual clue favors this reading. Elsewhere in the Act, Congress drew a distinction between re-indictments that start the clock anew and those that toll it. *See* 18 U.S.C. § 3161(h)(5); *United States v. Perez*, 845 F.2d 100, 103–04 (5th Cir. 1988) (noting that when an indictment is dismissed under the Speedy Trial Act on the government's motion the statutory time limit is suspended, not reset, as it is when the indictment is dismissed without prejudice on the defendant's motion). As this provision shows, Congress well understood how to alter the normal presumption—that the speedy-trial time lines start anew—when it wished to do so.

Precedent from our court also supports this reading. The basic idea behind § 3161(d)(1) is to make the 30-day and 70-day "time periods . . . run anew upon the issuance of a subsequent indictment; the prior filing of a complaint and arrest pursuant thereto is simply irrelevant for Speedy Trial Act purposes if the complaint is dismissed without prejudice." *United States v. May*, 771 F.2d 980, 982 (6th Cir. 1985). *May*, it is true, differs from Myers' case in one respect. While the *May* district court dismissed the charges without prejudice on the government's motion before the 30-day speedy-indictment clock expired, *id*. at 981, the district court dismissed the charges on Myers' motion after the clocks had expired. But that distinction makes no difference to the

meaning of § 3161(d)(1), which applies when an "indictment or information is dismissed upon motion of the defendant" or when a "charge contained in a complaint . . . is dismissed or otherwise dropped."

This approach lines up with the other courts of appeals. So far as we can tell, so far indeed as the parties have told us, every court of appeals to address this question has held that the statute provides a fresh 30-day or 70-day clock after a new arrest or a new indictment. *See United States v. Krynicki*, 689 F.2d 289, 292–93 (1st Cir. 1982); *United States v. Giambrone*, 920 F.2d 176, 179–80 (2d Cir. 1990); *United States v. Rabb*, 680 F.2d 294, 297 (3d Cir. 1982); *United States v. Thomas*, 705 F.2d 709, 710–11 (4th Cir. 1983); *United States v. Perez*, 845 F.2d 100, 103–04 (5th Cir. 1988); *United States v. Samples*, 713 F.2d 298, 302–03 (7th Cir. 1983); *United States v. Abernathy*, 688 F.2d 576, 578–80 (8th Cir. 1982)*; United States v. Barraza-Lopez*, 659 F.3d 1216, 1218–21 (9th Cir. 2011); *United States v. Abdush-Shakur*, 465 F.3d 458, 462 n.4 (10th Cir. 2006); *United States v. Brown*, 183 F.3d 1306, 1310–11 (11th Cir. 1999); *United States v. Walker*, 545 F.3d 1081, 1087 (D.C. Cir. 2008). At least two justices of the United States Supreme Court have considered the point, and they agree with this view. *See United States v. Rojas-Contreras*, 474 U.S. 231, 239 (1985) (Blackmun, J., joined by Brennan, J., concurring in the judgment) ("When an indictment is dismissed on motion of the defendant, and the defendant is thereafter reindicted, both the 30-day and 70-day periods run anew.").

Myers persists that his reading of § 3161(d)(1) is the better one, as the alternative would permit a new clock to start every time the government re-arrests or re-indicts the defendant. But the premise of his argument is inaccurate. The Act empowers a district court to dismiss charges *with prejudice* if the government acts in bad faith or exhibits a pattern of negligence, a provision that prevents the government from playing any such games. 18 U.S.C. §§ 3162(a)(1) & (2); *see United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000). More, the Act permits a district court to dismiss a charge in an indictment without prejudice and to start the clock anew only when *the defendant* files the motion to dismiss. When the government asks the court to dismiss an indictment,

the 70-day clock is tolled, not reset, if the government files the same charges again.  18 U.S.C. § 3161(h)(5); *see Perez*, 845 F.2d at 103–04.

Myers offers an alternative ground for affirming the judgment: When the district court dismissed the charges against him the first time, it should have done so with prejudice.  That, we are afraid, may be his better argument, an observation that goes to show just how difficult his first argument is.  A trial court's with-prejudice or without-prejudice determination receives deference. *See United States v. Taylor*, 487 U.S. 326, 332 (1988).  The question is whether the district court abused its discretion in considering three factors:  (1) "the seriousness of the offense"; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."  18 U.S.C. §§ 3162(a)(1) & (2).  No one disputes that these offenses are serious, and Myers concedes as much.  Myers Br. at 15.  The district court found "no evidence of bad faith on the part of the Government" in the delays.  R. 46 at 5.  And there is nothing about the length or nature of the delays that itself suggests that allowing a new prosecution will interfere with the just administration of the relevant criminal laws or the Speedy Trial Act.  As it turns out, the government delayed indicting Myers for the legitimate purpose of giving him the chance to cooperate with authorities, and the government exceeded the 70-day speedy-trial clock by just nine days.  Nor has Myers explained how this modest delay will prejudice him at trial.  The district court did not abuse its discretion by dismissing the charges against Myers without prejudice when it resolved Myers' first motion to dismiss on speedy-trial grounds.

(In case the reader is wondering, we have jurisdiction to review Myers' alternative argument. "[B]ecause the dismissal of an indictment without prejudice is an unappealable interlocutory order, *United States v. Bratcher*, 833 F.2d 69, 73 (6th Cir. 1987), appeal of the ultimate [disposition of] a subsequent indictment is the *only* method by which a defendant may seek this Court's review of such an order." *United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011).)

III.

For these reasons, we reverse the judgment of the district court and remand the case for further proceedings.